UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CR-60067-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MAURICE JOHNSON,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about December 7, 2010, court-appointed defense counsel Leonardo Spitale, Jr. (hereinafter "counsel") submitted a voucher application numbered FLS 10 4844 with appended time sheets requesting $11,386.30 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act ("CJA"). Counsel represented defendant Maurice Johnson ("defendant") for approximately seven and a half months from his appointment on February 18, 2010 until October 1, 2010.

Counsel seeks compensation in excess[1] of the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. United States District Court Judge Paul C. Huck entered an Order of Reference (DE# 109, 1/10/11) referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules. The undersigned spoke to counsel and requested that counsel provide a

_____

[1] Counsel's in-court hours and out-of-court hours total $11,300.00.

memorandum explaining the charges contained in his voucher. On or about December 7, 2010, counsel provided the undersigned with a two-page memorandum in support of his fee request exceeding the statutory limit. Counsel filed a similar memorandum on the docket on December 10, 2010. See Memorandum in Support of Request for Funds Exceeding Statutory Limit (DE# 105, 12/10/10). On January 18, 2011, counsel provided the undersigned with a second two-page memorandum in support of his fee request.

### Criminal Justice Act and Guidelines for Administration
### of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (hereinafter "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 6.02(B) of the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

### Voucher Amount - Administrator's Review

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Counsel seeks compensation for 6.1 in-court hours at the hourly rate of $125 per hour for a total of $762.50. Counsel seeks compensation for 4.1 hours for "Arraignment and/or Plea," and 2.0 hours for "Sentencing Hearings." The CJA administrator did not reduce the total amount of in-court hours requested by counsel. Instead, the CJA administrator re-categorized some of the time entries submitted by counsel as follows. The CJA administrator reduced the time counsel spent in "Arraignment and/or plea" to 1.7 hours and added 1.5 hours to "Bail and detention hearings" and 0.9 to "Other." The CJA administrator did not make any changes to the hours sought for "Sentencing Hearings." The total for in-court hours (6.1 hours) remained the same.

The CJA administrator also reviewed the $10,537.50 counsel billed for 84.3 out-of-court hours. Counsel seeks compensation for 21.1 hours for "Interviews and Conferences," 50.6 hours for "Obtaining and reviewing records," 6.6 hours for "Legal research and brief writing" and 6.0 hours for "Travel time." The CJA administrator reduced the time counsel spent in "Interviews and Conferences" to 21.0, the amount of time for "Obtaining and reviewing records" to 50.4 and the amount of time sought for "Legal research and brief writing" to 6.4 hours. The CJA administrator made no changes to counsel's "Travel time." Counsel also seeks $86.30 in "Travel Expenses." The CJA administrator did not reduce this amount.  As adjusted, the corrected total for

out-of-court hours equals 83.8 hours for a total of $10,475.00. The adjusted total for

in-court and out-of-court hours is $11,323.80 (a decrease of $62.50).

### In-Court Hours[2]

Counsel made five in-court appearances in this case on February 23, 2010,

March 4, 2010, March 31, 2010, July 12, 2010, and September 28, 2010. Counsel

seeks $762.50 for 6.1 in-court hours at a rate of $125.00 per hour for these

appearances. The CJA administrator made corrections to the allocation of hours.

However, the amount sought remains the same. The amount of time spent in Court

appears to be reasonable. The undersigned recommends that counsel recover the full

amount for in-court hours.

### Out-of-Court Hours

After the CJA administrator's reductions, counsel seeks $10,475.00 for 83.8

out-of-court hours billed at a rate of $125.00 per hour. In this case, the defendant was

charged by indictment with conspiracy to distribute 50 grams or more of cocaine base in

violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Count 1),

conspiracy to distribute 500 grams or more of cocaine in violation of Title 21, United

States Code, Sections 846 and 841(b)(1)(B) (Count 2), distribution of five grams or

more of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(B) and Title 18, United States Code, Section 2 (Counts 5, 8 and 9) and

distribution of cocain in violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C) and Title 18, United States Code, Section 2 (Counts 5, 7, 8, 9, 10, 11, 12

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and
expense allowances.

and 13). On July 9, 2010, the defendant pled guilty to Count 5 and Counts 7 through

13. Count 1 and 2 were dismissed on the government's motion. The defendant was

sentenced to 60 months as to each of Count 5 and Counts 7 through 13.

At first glance, 83.8 hours of out-of-court time appears to be an excessive

amount of hours for a guilty plea in this type of case. However, counsel has explained

that the government filed six responses to the Standing Discovery Order resulting in

over 1,100 pages of discovery. The government also produced compact discs which

counsel reviewed. During counsel's representation of the defendant, the Fair

Sentencing Act of 2010 was passed. These factors resulted in increased attorney hours

in the case.

The undersigned has reviewed all of the entries listed on the time sheets and the

total time claimed for each of the task categories. The CJA administrator made three

adjustments to the out-of-court hours listed in the voucher application. Specifically, the

CJA administrator reduced the 21.1 hours counsel sought for "Interviews and

Conferences" due to an entry for 0.1 hours for a conference with the Judge's Assistant,

which was performed prior to the date counsel was appointed. The CJA administrator

reduced the amount of time for "Obtaining and reviewing records" from 50.6 hours to

50.4 hours due to an entry for reviewing the criminal docket and reviewing a sealed

order totaling 0.2 hours, which was performed prior to counsel's appointment.

Additionally, the CJA administrator reduced the amount of hours sought for "Legal

research and brief writing" from 6.6 hours to 6.4 hours. The CJA administrator

disallowed 0.2 hours for clerical work. The undersigned's review of the voucher

application confirms that these reductions are indeed appropriate.

5

The undersigned has reviewed each of the remaining entries listed in the voucher application and concludes that the vast majority of out-of-court hours spent by counsel are appropriate. The undersigned concludes, however, that further reductions for excessive or duplicative time entries are warranted. Of the 21.0 hours for "Interviews and Conferences" allowed by the CJA administrator, the undersigned recommends a further reduction of 0.2 hours to 20.8 hours for a time entry on July 8, 2010. On that date, counsel billed 0.3 hours for three phone calls attempting to reach the Assistant United States Attorney assigned to this case. The undersigned finds that 18 minutes for this task is excessive and recommends reducing this time entry to 0.1 hours.

With adjustments, counsel billed 50.4 hours for "Obtaining and reviewing records." The undersigned recommends that this amount be further reduced to 49.5 hours based on the following time entries. On March 2, 2010, counsel billed 0.5 hours for reviewing the indictment. The undersigned finds that 0.5 hours for reviewing the eight-page indictment in this case is excessive and recommends that this time entry be reduced to 0.2 hours. Counsel billed 0.3 hours on March 4, 2010 for reviewing the standing discovery order. The standing discovery order is standard in every case. Therefore, the undersigned recommends that this time entry be reduced to 0.1 hours. On March 29, 2010, counsel billed 0.2 hours for reviewing the government and a co-defendant's first joint motion to continue the trial date. The motion is straight forward and cites no case law. The undersigned recommends that this amount be reduced to 0.1 hours.  Counsel also billed 0.3 hours for reviewing the Order granting the first motion for continuance on March 30, 2010. The undersigned finds this amount to be excessive and recommends that the entry be reduced to 0.1 hours. Lastly, on April 19,

6

2010, counsel billed 0.2 hours for reviewing the Order granting a second motion for continuance. The undersigned recommends that this time entry also be reduced to 0.1 hours.

Counsel billed a total of 6.4 hours for "Legal research and brief writing," as adjusted by the CJA administrator. The undersigned recommends that this amount be reduced to 4.8 hours for the reasons stated below. On March 29, 2010, counsel billed 0.3 hours for preparing a motion to adopt. On March 30, 2010, counsel billed 0.2 hours for preparing and filing a motion to continue. The docket shows that on March 30, 2010, counsel filed Defendant Johnson's Motion to Adopt Co-Defendant Tavaris Doe and United States' Joint Motion to Continue Trial (DE# 52, 3/30/10). Counsel did not file a separate motion to continue. Therefore, the undersigned recommends that the March 30, 2010 billing entry for preparing a motion to continue be disallowed. The undersigned further recommends that the March 29, 2010 billing entry for the motion to adopt be reduced to 0.1 hours. On May 25, 2010, counsel billed 0.3 hours for preparing a motion to extend the date for entering a change of plea. The undersigned has reviewed the motion and finds that 0.3 hours for this task is excessive. The undersigned recommends reducing this time entry to 0.1 hours. On the same date, counsel also billed 0.2 hours for preparing a notice of unavailability. The undersigned recommend reducing this time entry to 0.1 hours. On September 15, 2010 and September 16, 2010, counsel billed 0.4 hours for preparing a motion for variance. The undersigned recommends that the time entry for September 16, 2010 be disallowed as duplicative. On September 16, 2010, counsel billed 0.5 hours for preparing and filing objections to the presentence investigation report. The undersigned did not find objections separate

7

from the motion for variance on the docket. Accordingly, the undersigned recommends that this time entry be disallowed. The undersigned finds that the remaining charges in the voucher application are appropriate.

In considering awards to counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel." United States v. Mukhtaar, No. 06 Cr 31 (SWK), 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." United States v. Diaz, 802 F. Supp. 304, 307 (C.D. Cal. 1992) (quoting United States v. Carnevale, 624 F. Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, the undersigned concludes that an award of $10,137.50[3] for out-of-court hours is reasonable.

The $10,900.00 ($762.50 for in-court hours plus $10,137.50 for out-of-court hours) the undersigned recommends as compensation exceeds the $9,700.00 statutory

---

[3] Counsel's adjusted out-of-court time totals 81.1 hours (20.8 hours for "Interviews and Conferences," plus 49.5 hours for "Obtaining and reviewing records," plus 4.8 for "Legal research and brief writing," plus 6.0 hours for "Travel time").

8

maximum allowed for representation in non-capital felony cases under the CJA. The statute provides for payment in excess of the statutory cap for "extended or complex representation." 18 U.S.C. § 3006A(d)(3). The undersigned finds that the instant case is an extended case which warrants a departure from the statutory cap. "Extended is defined as a case requiring more time than normal." United States v. Sherman, No. 09-14043-CR, 2010 WL 3257683, at * 1 (S.D. Fla. Aug. 11, 2010) (M.J. Lynch) (recommending that the statutory cap be exceed where, inter alia, "[t]here were voluminous discovery responses which [we]re more than th[e] Court sees in a normal case."), adopted in Order Adopting Magistrate Judge's Report and Recommendation (DE# 152 in Case No. 09-14043-CR, 8/17/10). Several factors contributed to increased attorney's fees in this case. Counsel reviewed 1,100 pages of written discovery and several hours of recorded surveillance provided by the government and researched a change in the law, the Fair Sentencing Act of 2010. Counsel also visited his client a total of 11 times. For these reasons, the undersigned recommends that counsel be compensated in excess of the statutory cap.

### Expenses

Counsel seeks $86.30 in "Travel Expenses" for parking fees and mileage. The CJA administrator did not reduce this amount. The undersigned approves the amount of $86.30 for "Travel Expenses" as reasonable.

### CONCLUSION

In sum, based upon the undersigned's review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher and

having received a memorandum of explanation from counsel, the undersigned

RECOMMENDS that counsel be paid a total of **$10,986.30** ($762.50 for in-court hours,

$10,137.50 for out-of-court hours and $86.30 for travel expenses) as fair and final

compensation for his work on this case.

In accordance with 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14)

days from receipt of this Report and Recommendation to serve and file any written

objections with the Honorable Paul C. Huck, United States District Judge.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this

**30th** day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
Counsel of record

10